**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KERRY DEVIN O'BRYAN,

                            Petitioner,                        Case Number: 06-CV-11561

v.                                            HON. NANCY G. EDMUNDS

H. J. MARBERRY,

                            Respondent.

_____/

## <u>ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM</u> <u>JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(6)</u>

Petitioner Kerry Devin O'Bryan filed a *pro se* petition for a writ of habeas corpus.

On April 12, 2006, the Court summarily dismissed the petition because "it plainly

appear[ed] from the face of the petition . . . that the petitioner [was] not entitled to relief."

Rule 4, Rules Governing Section 2254 Cases.  Now before the Court is Petitioner's

Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6).

Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure

60(b)(6) which provides, in pertinent part:

> [o]n motion and upon such terms as are just, the court may relieve a party or a
> party's legal representative from a final judgment, order, or proceeding for the
> following reasons: . . . (6) any other reason justifying relief from the operation of
> judgment.

Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) relief may be granted only in "unusual and extreme situations where

principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). Petitioner argues that he should be granted relief from judgment because the Court failed to consider two of the three claims presented in his habeas petition. Although Petitioner enumerated three separate claims in his habeas petition, all of Petitioner's claims rested upon the argument that requiring Petitioner to participate in the Bureau of Prisons' work program is unconstitutional. The federal Constitution does not forbid requiring a convicted inmate to work. *See* Ali v. Johnson, 259 F.3d 317, 318 n.2 (5th Cir. 2001) ("The Constitution does not forbid an inmate's being required to work."); Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) ("The Thirteenth Amendment, which forbids involuntary servitude, has an express exception for persons imprisoned pursuant to conviction for crime."); Van Hazel v. Luoma, 2005 WL 2837356, *3 (E.D. Mich. Oct. 27, 2005) (same) (Friedman, C.J.); Chandler v. Curtis, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005) (Cohn, J.) (same). Therefore, the Court concluded that Petitioner failed to state a claim upon which habeas relief could be granted. Petitioner has failed to demonstrate any unusual and extreme circumstances which would warrant relief from this judgment.

Accordingly, the Court **DENIES** Petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6).

s/Nancy G. Edmunds

2

Nancy G. Edmunds
United States District Judge

Dated:  May 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager